## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE LYNN PENEAUX,<br><br>    Defendant. | 3:18-CR-30081-RAL<br><br>**REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO DISMISS** |

Jamie Lynn Peneaux has filed a motion seeking to dismiss the two child abuse offenses in her Indictment.  She asserts that the state statute she is alleged to have violated, which is assimilated into federal law,[1] is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment.  Because the dismissal motion is inextricably intertwined with the evidence of the offenses, the motion should be denied without prejudice or, if ruled on now, denied on its merits.

### BACKGROUND[2]

Peneaux is the mother of two children, R. B., whose date of birth is November 10, 2012, and R.P, who was born prematurely on December 5, 2013.  On December 23, 2014, Peneaux had several people at her residence with she and the two children; her ex-

---

[1]*See* 18 U.S.C. §1153.

[2]*See* Dkt. Nos. 1, 24 (at 13-17), 32 (pretrial factual allegations of record thus far).

boyfriend, Richard Bordeaux, his sister, Lacy White Lance and Josh Iron. Bordeaux had been verbally and physically abusive to Peneaux throughout their relationship. All four adults were consuming alcoholic beverages (Peneaux had purchased) and smoking marijuana in the presence of the children. Around 11:00 p.m. and after White Lance and Iron left, Peneaux and Bordeaux took R.B. and R.P. upstairs to go to bed. Peneaux, who had been drinking heavily and was intoxicated, passed out at some point on the bed where R.B. and R.P. were sleeping. Peneaux remembers the two children laying in the bed between she and Bordeaux with R.B. next to her and R.P. beside him.

At about 3:00 a.m., Bordeaux woke Peneaux up and said R.P. was not breathing. Peneaux called her mother and 911. Bordeaux briefly attempted to do CPR on R.P. and then grabbed the rest of his alcohol and took off.

The Todd County coroner declared R.P. dead at 4:04 a.m. that same day. About an hour and-a-half later, Peneaux submitted to a preliminary breath test which yielded a reading of .046 by weight of alcohol.

A pathologist did an autopsy on R.P. In his post-mortem report, the pathologist stated that the cause of death was "[u]ndetermined, possible asphyxial related" and that the manner of death was "[u]ndetermined."

## DISCUSSION

### A. Charges and Peneaux's Claims

The Indictment charges Peneaux with two counts of child abuse. Her Motion to Dismiss concerns both counts. They relate to her children and contain identical

language:  On or about the 24th day of December, 2014, at Mission, in Todd County, in Indian Country, in the District of South Dakota, Jamie Lynn Peneaux, an Indian, did abuse, expose, torture, torment and cruelly punish [R.P. and R.B., respectively, children] who had not attained the age of seven, in violation of 18 U.S.C. §1153 and SDCL 26-10-1."[3]

Peneaux claims that the South Dakota child abuse statute, upon which the charges against her are premised, is unconstitutionally vague.  According to Peneaux, the only verb that seems to apply to her case is "expose" which she says is "unclear" as to "what conduct is being proscribed."[4]

## B.  Procedural Impediment

"It is well established that vagueness challenges to statutes which do not involve the First Amendment freedoms must be examined in light of the facts of the case at hand."[5]  The Federal Rules of Criminal Procedure allow a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on

---

[3]Dkt. No. 1.

[4]*Id.* at 29.

[5]*United States v. Mazurie*, 419 U.S. 544, 550 (1975); *see also Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013) (for defendant "to have standing to challenge a statute as vague, the statute must be unconstitutional as applied to his specific conduct at issue"); *United States v. Whiting*, 165 F.3d 631, 634 (8th Cir. 1999) (criminal defendant's vagueness challenges, that do not implicate First Amendment interests, must be analyzed based on the facts of the case).

the merits."[6]  "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion."[7]  The court must decide the "motion before trial unless it finds good cause to defer a ruling."[8]  "When factual issues are involved in deciding [the] motion, the court must state the essential findings on the record."[9]  The court "may not, however, make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'"[10]

To rule properly on Peneaux's as-applied challenge, a court must resolve factual issues related to the charged offenses, such as what she exposed her children to that

---

[6]Fed. R. Crim. P. 12(b)(1).

[7]*United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (*quoting United States v. Covington*, 395 U.S. 57, 60 (1969)).

[8]Fed. R. Crim. P. 12(d).

[9]*Id.*

[10]*Turner*, 842 F.3d at 605 (*quoting United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)); *see also United States v. Pope*, 613 F.3d 1255, 1261-62 (10th Cir. 2010) (affirming pretrial denial of motion to dismiss because defendant's as-applied constitutional challenge was intertwined with the question of guilt or innocence and would have required district court to resolve factual disputes); *United States v. Reed*, 114 F.3d 1067, 1069-71 (10th Cir. 1997) (error for trial court to rule on void-for-vagueness challenge at the preliminary stage of the proceedings; court, on remand, should consider the challenge in the "factual context" and "more certain framework" of a trial); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir.  1987) ("Under Fed. R. Crim. P. 12(b), an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.")

constitutes a crime under SDCL 26-10-1.[11]  Because these issues are inseparably connected with the evidence, the court should defer any ruling on her dismissal motion until trial.[12]  Good cause exists to put off a decision on the motion where, as here, disposing of it "requires making factual determinations that 'fall[] within the province of the ultimate finder of fact.'"[13]  Given the allegations involved, it cannot be said that a "trial of the facts surrounding the commission of the [child abuse] offenses would be of no assistance in determining the validity" of Peneaux's motion.[14]  This being the case, the motion is unsuitable for pretrial adjudication[15] and should be denied without prejudice to Peneaux's right to renew the motion once the Government has introduced the relevant evidence at trial.[16]

––––––––––––––––––––

[11]*See Turner*, 842 F.3d at 605; *Pope*, 613 F.3d at 1261-62; *United States v. Burgee*, 3:18-CR-30164-RAL, 2019 WL 1332858 at *7 (D.S.D. March 25, 2019); *United States v. Mayfield*, 8:17CR224, 2017 WL 43225616 at *2-3 (D. Neb. Sept. 12, 2017), *R & R adopted*, 2017 WL 4325728 (D. Neb. Sept. 27, 2017).

[12]*See id.*

[13]*Turner*, 842 F.3d at 605 (*quoting United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994), *cert. denied*, 514 U.S. 1051 (1995)); *see also Burgee*, 2019 WL 1332858 at *7 (good cause exists to defer ruling on defendant's vagueness argument)

[14]*Covington*, 395 U.S. at 60; *see also United States v. Knox*, 396 U.S. 77, 83 & n.7 (1969) (defenses and evidentiary questions should be determined at trial and not on a pretrial motion to dismiss the indictment).

[15]*See Turner*, 842 F.3d at 604-05; *Pope*, 613 F.3d at 1258-62; *Burgee*, 2019 WL 1332858 at **6-7.

[16]*See Burgee*, 2019 WL 1332858 at *7, n.7.

## C. Vagueness Challenge – Merits

But even if Peneaux's dismissal motion can be passed on at this juncture, she fairs no better on the merits of it. The child abuse statute is not in and of itself ambiguous. More pointedly, the statute, and the use of the word "expose" in it, provides sufficient notice of what conduct is being prohibited and is not unconstitutionally vague. Federal and state courts in South Dakota have spoken on the very issue Peneaux presents, ruling unequivocally against the position she now takes.[17]

The Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."[18] "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend[,] and alleges sufficient information to allow a defendant to plead a

---

[17]*See Florek v. Dooley*, 4:15-CV-04117-LLP, 2016 WL 1367768 at *6 (D.S.D. March 11, 2016), R *& R adopted*, 2016 WL 1328848 at *1 (D.S.D. April 5, 2016); *State v. Myers*, 2014 S.D. 88, ¶¶6-12, 857 N.W.2d 597, 599-601; *United States v. Hoffman*, 430 N.W.2d 910, 911-12 (S.D. 1988); *State v. Eagle Hawk*, 411 N.W.2d 120, 124 (S.D. 1987); *see also United States v. Big Crow*, 3:18-CR-30083-RAL, 2018 WL 3971939 at *1, n. 1 (D.S.D. Aug. 20, 2018) (noting that the South Dakota Supreme Court has addressed and rejected the argument that the use of the word "expose" in the child abuse statute is unconstitutionally vague or fails to provide sufficient notice of what conduct is being outlawed); *see and compare with United States v. Glenn*, 5:14-CR-50115-JLV, slip. op. at 19 (D.S.D. Jan. 20, 2017) (determining that the statute was "void for vagueness as applied" to defendant charged with child abuse when he shot and killed an 11-month-old child while cleaning his gun).

[18]Fed. R. Crim. P. 7(c)(1).

conviction or acquittal as a bar to a subsequent prosecution."[19]   Generally, an indictment is "sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."[20]

The Indictment here acceptably states the offenses Peneaux is charged with and minimizes the element of surprise at trial.[21]   Each of the two counts is confined to a single date, contains the essential elements of the child abuse offense, apprises Peneaux of the charges she must defend against, and enables her to plead double jeopardy if she is later prosecuted.[22]

---

[19]*United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (*quoting United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)); *see also United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993).

[20]*Beasley*, 688 F.3d at 532 (*quoting Hayes*, 574 F.3d at 472); *see also United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), *cert. denied*, 513 U.S. 831 (1994).

[21]*See Big Crow*, 2018 WL 3971939 at *2.

[22]*See id.*; *see also United States v. Iron Hawk*, 612 F.3d 1031, 1036 (8th Cir. 2010) (stating that to prove a felony child abuse offense under 18 U.S.C. §1153 and SDCL 26-10-1, there must be proof that defendant "without just cause, abused, exposed, tortured, tormented or cruelly punished [the children]; [they were] under seven years of age; [she] was an Indian; and the offense took place in Indian country;" *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (explaining that the time frame in an indictment may be case specific and concluding that indictment charging a drug conspiracy over a seven-year period was sufficient to inform defendant of exactly what conduct the trial concerned); *Myers*, 2014 S.D. 88, ¶8, 857 N.W.2d at 600 (holding that the statute making it a felony offense for any person who "exposes" a minor in a manner which does not constitute aggravated assault was not vague and unconstitutionally infirm).

Peneaux though insists that the child abuse statute, as applied to her, is unreasonably vague. She does so in the face of precedent, that directly contradicts her argument.[23] Citing a magistrate judge's decision from the Western Division of this District[24] she claims that her case is different and that the state court's construction of the statute is neither logical nor controlling in federal court.

A state's supreme court has final authority to interpret state penal statutes and its construction is binding on federal courts.[25] A federal court, however, is "not bound by the state court's determination that its construction does not violate the constitutional right to due process."[26] But "in the interest of federalism[, the federal court applies] exacting scrutiny to such claims" and requires that the defendant "prove that the asserted error was so 'gross', 'conspicuously prejudicial', or otherwise of such magnitude that it failed to afford [her] the fundamental fairness which is the essence of due process."[27]

---

[23]*See* n. 17.

[24]*See Glenn*, slip op. at 18-19.

[25]*See Missouri v. Hunter*, 459 U.S. 359, 360 (1983).

[26]*Davis v. Nebraska*, 958 F.2d 831, 833 (8th Cir. 1992) (*citing Helton v. Fauver*, 930 F.2d 1040, 1044 (3rd Cir. 1991)).

[27]*Id.* (*quoting Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898 (1976)).

The United States Constitution protects a person from being "deprived [of] life, liberty, or property, without due process of law."[28]  "[T]he Government violates this guarantee by taking away someone's life, liberty or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."[29]  Such a law must provide a person with sufficient notice as to what conduct is forbidden and establish minimal guidelines to govern law enforcement so as to not allow "policemen, prosecutors, and juries to pursue their personal predilections."[30]

"The line between lawful and unlawful conduct need not be drawn with absolute clarity and precision.  Not every indefiniteness or vagueness is fatal to a criminal [law].  All that is required is that there be a fair or reasonable degree of certainty."[31]

"Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where a reasonable person would

---

[28]*See* U.S. Const. amend. XIV, §1.

[29]*Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015) (*citing Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983)); *see also United States v. Paul*, 885 F.3d 1099, 1105 (8th Cir.) (applying this standard), *cert. denied*, 139 S.Ct. 290 (2018).

[30]*Kolender*, 461 U.S. at 358 (*quoting Smith v. Goguen*, 415 U.S. 566, 574-75 (1974)).

[31]*Hoffman*, 430 N.W.2d 911-12; *see also Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) ("Condemned to the use of words, we can never expect mathematical certainty from our language.").

know that her conduct is at risk.  Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis."[32]  Under an as-applied challenge, a court must look "to whether the statute gave adequate warning, under a specific set of facts, that the defendant's behavior was a criminal offense."[33]

In the first of a trio of cases, the South Dakota Supreme Court rejected the argument that SDCL 26-10-1 was unconstitutionally vague, holding it "axiomatic that persons of common intelligence need not guess that severe or extreme neglect can evolve into abuse."[34]  The issue in the case was how the terms "abuse" and "torment" were defined and whether they included, within their meaning, severe neglect.[35]

---

[32]*Maynard v. Cartwright*, 486 U.S. 356, 361 (1988); *see also Burgee*, 2019 WL 1332858 at *6 (defendant must show that statute is vague "as applied to his particular conduct" to succeed); *Myers*, 2014 S.D. 88. ¶11, 857 N.W.2d at 601 ("a vagueness challenge that does not involve the First Amendment must be examined in light of the specific facts of the case at hand and not with regard to the statute's facial validity").

[33]*United States v. Palmer*, 917 F.3d 1035, 1038-39 (8th Cir. 2019).

[34]*Eagle Hawk*, 411 N.W.2d at 124.

[35]*See id*. at 122; *see also United States v. Yellow Hawk*, CR. 12-50044-JLV, 2013 WL 5913834 at *2 (D.S.D. Oct. 31, 2013) ("the terms 'abuse' and 'torment' as used in SDCL 26-10-1 are broad enough to 'include inaction as well as physical, overt acts of striking, beating or other types of physically caused trauma'") (*citing and quoting Eagle Hawk*, 411 N.W.2d at 123-24)).

The second case involved the scope of the term "torment" in the child abuse statute.[36]   The defendant had, on separate occasions, struck a child's head against a truck several times and hit the child in the face with a fist, and hit another child in the head with a bar or rod and pulled that child's hair out.[37]   The state supreme court concluded that the statute was "not easily susceptible of misinterpretation" and that its "attempt to catalog the types of conduct which would constitute use of or cruelty to a minor[,] [although] lacking in imagination or elaboration, . . . was not unreasonably vague."[38]

*State v. Myers*, the last (and newest) of the three cases, squarely addressed the vagueness claim Peneaux now makes.[39]   In *Myers*, the defendant was arrested after driving 112 miles-per-hour, under the influence of alcohol, and with three young children in the vehicle.[40]   The children were not physically injured as a result of the incident.[41]   The defendant was convicted of felony child abuse under the "expose" component of SDCL 26-10-1.[42]   He appealed his conviction, arguing that SDCL 26-10-1

---

[36]*See Hoffman*, 430 N.W.2d at 910-11.

[37]*See id*. at 910.

[38]*Id*. at 912.

[39]*See* 2014 S.D. 88 ¶¶7-12, 857 N.W.2d at 599-601.

[40]*See* 2014 S.D. 88, ¶2, 857 N.W.2d at 598.

[41]*See* 2014 S.D. 88, ¶9, 857 N.W.2d at 600.

[42]*See* 2014 S.D. 88, ¶¶5, 7, 857 N.W.2d at 599.

was vague and therefore unconstitutional.[43]  The state supreme court held that the term

"exposed" was not vague and that the statute "affords the public adequate notice as to

the conduct proscribed and does not allow law enforcement unfettered discretion to

enforce it."[44]

In doing so, the supreme court observed that "a criminal law need not define

every word used to prohibit a certain conduct."[45]  And as the court pointed out, "[t]he

words the legislature used are presumed to convey their ordinary, popular meaning,

unless the context or the legislature's apparent intention justifies departure from the

ordinary meaning."[46]  The *Myers* court then looked to a dictionary and determined that

the word "expose" in the child abuse statute meant "[to] subject to needless risk."[47]

"Risk," according to the court, is "the possibility of suffering harm or loss;

danger."[48]  Noting a "statute need not enumerate a list of every potential thing that a

---

[43]*See* 2014 S.D. 88, ¶ 7, 857 N.W.2d at 599.

[44]2014 S.D. 88, ¶12, 857 N.W.2d at 601.

[45]2014 S.D. 88, ¶8, 857 N.W.2d at 600 (*quoting State v. Dale*, 439 N.W.2d 98, 107 (S.D. 1989)).

[46]2014 S.D. 88, ¶8, 857 N.W.2d at 600 (*quoting State v. Big Head*, 363 N.W.2d 556, 559 (S.D. 1985)).

[47]*Myers*, 2014 S.D. 88, ¶8, 857 N.W.2d at 600 (*quoting The American Heritage College Dictionary*, 483 (3d ed. 1993)); *see also United States v. Laursen*, 847 F.3d 1026, 1032-33 (9th Cir.) (resorting to dictionary definition of "use" to derive meaning of word), *cert. denied*, 138 S.Ct. 218 (2017).

[48]*Myers*, 2014 S.D. 88, ¶8, 857 N.W.2d at 600 (*quoting The American Heritage College* (continued. . .)

child could be exposed to in order to constitute felony child abuse[,]" the court concluded that the statute provides sufficient notice of "what conduct would constitute an offense under SDCL 26-10-1, because the very definition of expose explains what a child must be 'exposed to' as [the defendant] asserts the statute would need to do in order to be constitutional."[49]

Federal courts in this District have likewise weighed in on vagueness challenges to the South Dakota child abuse statute. In *Florek v. Dooley*, two Sioux Falls courts rebuffed a habeas petitioner's vagueness argument where he had been "driving erratically while drunk, with his child unrestrained in the back seat."[50] The courts concluded that the state supreme court's interpretation of the statute and its definition of "expose" were "not so outlandish that no reasonable person could have expected it."[51]

A year later, a Rapid City federal court opined that the statute was unconstitutionally vague as-applied. In that case, *United States v. Glenn*, the defendant was charged with felony child abuse and neglect when his rifle discharged, while he

---

*Dictionary*, 1173)).

[49] 2014 S.D. 88, ¶8, 857 N.W.2d at 600.

[50] 2016 WL 1367768 at *6, *R & R adopted*, 2016 WL 1328848 at *1.

[51] *Id*.

was cleaning it, killing an infant child who was playing nearby.[52]  The *Glenn* court believed the statute did not provide sufficient notice that the defendant's conduct – cleaning a rife, pointing the gun and pulling the trigger thinking it was unloaded – was outlawed.[53]  The court's report, however, does not make mention of the *Florek* decisions and the objections made to the report were never ruled on (because the defendant eventually pled guilty to a misdemeanor drug offense).[54]

Just nine months ago, in *United States v. Big Crow*, a Pierre federal court dealt with whether a bill of particulars should be ordered in a child abuse case.  The defendant maintained that it was unclear what acts she committed that constituted child abuse and what theory she was defending against.[55]  She also contended that the verb "expose" in the state statute was "in and of itself ambiguous" and that the conjunctive nature of the statute did not give her enough notice to reasonably formulate a defense.[56]  The court held that the indictment adequately stated the child abuse charges and that even though the statute was phrased in the disjunctive, there was

---

[52]*See* 5:14-CR-50115-JLV, slip op. at 1-2.

[53]*See id*. at 18-19.

[54]*See id*. at Dkt. Nos. 147-48.

[55]*See* 2018 WL 3971939 at *1.

[56]*Id*.

nothing improper about the indictment charging the defendant in the conjunctive.[57]  In its decision, the court noted that the state supreme court had addressed and rejected the defendant's argument that the word "expose" made the statute impermissibly vague or failed to provide her with proper notice of what conduct the statute banned.[58]

Following the lead of *Myers, Florek, and Big Crow*, the Court here is convinced that the child abuse offense charged in Peneaux's Indictment is not an unreasonable application of the South Dakota child abuse statute. Given the pronouncements from the courts in these cases, there is no uncertainty about what the term "expose" means or confusion about what "exposure" would result in a violation of the state statute. Peneaux was reasonably forewarned that the conduct she engaged in – smoking marijuana, drinking heavily, and then passing out in the same bed as her two small children, one of whom she had rolled over on in the past – needlessly created a dangerous situation and the possibility of one or both children suffering harm.[59]

Peneaux and the court in *Glenn* cite hypothetical activity they say potentially could result in a child abuse charge against a person should he or she undertake such activity.[60]  But the risks Peneaux and the court cite ignore the modifier "needless" that is

[57]*See id*. at **2-3.

[58]*See id*. at *1, n. 1.

[59]*See Myers*, 2014 S.D. 88, ¶¶8, 10-11, 857 N.W.2d at 600-601.

[60]*See* Dkt. No. 32 at 6; *Glenn*, slip op. at 17, n. 7.

15

part of the definition of "expose" and required under the supreme court's ruling in *Myers*. Peneaux and the *Glenn* court, also ignore the authorities cited in their own brief and report, respectively, showing that void-for-vagueness challenges are fact-specific.[61] Peneaux's behavior was not innocuous and, unlike riding a horse or motorcycle, climbing a jungle gym, playing football, hunting, or refusing a blood transfusion for religious purposes, her conduct, in part was unlawful (marijuana ingestion) and involved needless risk – especially considering her level of impairment and her previous experience of having rolled over in bed on one of the children.

These distinctions place Peneaux in the same category as the convicted defendants in *Myers* and *Florek* and separate her from the rifle cleaning defendant in *Glenn* whose actions were, in all respects, legal before the tragic shooting occurred.

Regardless, it is for a jury to determine whether the risk of harm Peneaux subjected the children to was needless, and thus conduct for which she may be held to be criminally responsible.[62] The issue is whether the situation Peneaux put her children in was one that subjected them to a needless risk. That issue is for the jury to decide. Blacking out in bed next to a one and two year old, with the history she had and the potential for roll over suffocation, made the bed a precarious place for the children.

---

[61]*See* Dkt. No. 32 at 3 & n.2; *Glenn*, slip op. at 15-16.

[62]*See State v. Morgan*, 2012 S.D. 87, ¶¶13-15, 824 N.W.2d at 98, 101-02.

In the end, the Court is not persuaded that the child abuse statute must be struck down as vague and unconstitutional given the facts as they are known at this time. The Government may thus go forward with its case against Peneaux and her Motion to Dismiss, on indefiniteness grounds, should be denied.

## CONCLUSION

Any ruling made on Peneaux dismissal motion is "inevitably bound up with the evidence" of the child abuse offenses and should be postponed until trial. But if the reviewing court chooses not to do this and takes up Peneaux's vagueness claim before trial, the motion should be denied because the state statute, that she allegedly violated, is constitutional when applied to her case.

## RECOMMENDATION

Accordingly, based on the authorities and legal analysis set forth in this report, and the record before the Court, it is hereby

RECOMMENDED that Peneaux's Motion to Dismiss Counts I and II for Unconstitutional Vagueness[63] be denied without prejudice to her right to renew the motion or her vagueness claim in the context of a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. It is further

RECOMMENDED that alternatively, the dismissal motion, and the relief prayed for it, be denied in all respects.

---

[63]*See* Dkt. No. 29.

**NOTICE**

The parties have 14 calendar days after service of this report and recommendation to file their objections to the same.[64] Unless an extension of time for cause is later obtained,[65] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[66] Objections must "identify[] those issues on which further review is desired[.]"[67]

DATED this 20th day of May, 2019, at Pierre, South Dakota.

BY THE COURT:

_____

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[64]*See* 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b).

[65]*See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

[66]*See Thompson*, 897 F.2d at 357; *Nash*, 781 at 667.

[67]*Arn*, 474 U.S. at 155.