UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE LYNN PENEAUX,<br><br>Defendant. | 3:18-CR-30081-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE |

The Government charged Jamie Lynn Peneaux (Peneaux) with two counts of child abuse. Doc. 1. Peneaux moved to dismiss both counts on the basis that the charges are unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment. Doc. 29. On May 20, 2019, Judge Moreno issued a Report and Recommendation recommending Peneaux's motion be denied without prejudice, or alternatively, the motion be denied in its entirety. Doc. 35. Peneaux has now objected to that Report and Recommendation. Doc. 36.

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having conducted a de novo review, this Court adopts the Report and Recommendation to deny the motion without prejudice to motion for judgment of acquittal under Rule 29 at trial.

I.      **Background**

1

The following facts have been conceded by Peneaux for the purpose of his motion. Doc. 32. Peneaux is the mother of two children, R.B., whose date of birth is November 10, 2012, and R.P, who was born prematurely on December 5, 2013. On December 23, 2014, Peneaux had several people at her residence, including R.B., R.P., and her ex-boyfriend, Richard Bordeaux (Bordeaux). Bordeaux had been abusive to Peneaux throughout their relationship. A group of adults at the residence were consuming alcoholic beverages and smoking marijuana. After some of the adults left the home, Peneaux and Bordeaux took R.B. and R.P. upstairs to go to bed. There is some question as to where everyone was sleeping, but Peneaux has stated that she was on one side of the bed and R.B. was next to her. R.P. was next to R.B., and Bordeaux slept on the other side of the bed, next to R.P.

At about 3:00 a.m. on December 24, 2014, Bordeaux woke Peneaux and said that R.P. was not breathing. Richard was holding R.P. Peneaux called her mother and 911. Bordeaux grabbed the remaining alcohol and left. R.P. was declared deceased by the Todd County Coroner at 4:04 a.m. the same morning. At about 5:30 a.m., law enforcement took a preliminary breath test of Peneaux with a reading of .046% by weight of alcohol. A pathologist did an autopsy on R.P. In his post-mortem report, the pathologist stated that the cause of death was "[u]ndetermined, possible asphyxia related" and that the manner of death was "[u]ndetermined."

On June 12, 2018, Peneaux was charged in a two-count Indictment with child abuse. The two counts relate to two different minor victims, but contain virtually identical language: "On or about the 24th day of December, 2014, at Mission, in Indian country, in the District of South Dakota, Jamie Lynn Peneaux, an Indian, did abuse, expose, torture, torment, and cruelly punish [R.P. and R.B., respectively], a child who had not attained the age of seven, in violation of 18 U.S.C. § 1153 and SDCL 26-10-1." Doc. 1.

2

## II. Analysis

Peneaux argues that the South Dakota child abuse statute is unconstitutionally vague because the criminal act to "expose" a child is vague and unclear as to what conduct in being proscribed. Voiding a statute for vagueness is a recognition that "criminal responsibility should not attach where one could not reasonably understand that [her] contemplated conduct is proscribed." United States v. Birbragher, 603 F.3d 478, 484–85 (8th Cir. 2010) (quoting United States v. Washam, 312 F.3d 478, 929 (8th Cir. 2010)). To determine whether a statue is unconstitutionally vague, courts apply a two-part test. Skilling v. United States, 561 U.S. 358, 412 (2010); see also Kolender v. Lawson, 461 U.S. 352, 357 (1983). "A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) it is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Paul, 885 F.3d 1099, 1105 (8th Cir.) (citation omitted), cert. denied, 139 S. Ct. 290 (2018).

South Dakota Codified Law § 26-10-1 entitled "Abuse of or cruelty to minor as felony" states, in part, "[a]ny person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony. If the victim is less than seven years of age, the person is guilty of a Class 3 felony." SDCL § 26-10-1.

Vagueness challenges like the one Peneaux makes are evaluated in light of the facts of the particular case. United States v. Mazurie, 419 U.S. 544, 550 (1975). Peneaux acknowledges that she must show that the statute is vague as applied to her particular conduct to succeed by asking this Court to determine the constitutionality of the word "expose" in light of the "specific facts" of this case. Doc. 32 at 5; United States v. Bramer, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam); see also United States v. Frison, 825 F.3d 437, 442 (8th Cir. 2016) ("We consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that

3

is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (cleaned up) (citation omitted)).

Under an as-applied challenge, courts look "to whether the statute gave adequate warning, under a specific set of facts, that the defendant's behavior was a criminal offense." United States v. Palmer, 917 F.3d 1035, 1038–39 (8th Cir. 2019) (citation omitted). Any ruling on Peneaux's vagueness argument would be premature at this stage of the case. Rule 12(b) of the Federal Rules of Criminal Procedure allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts must decide a Rule 12(b) motion before trial unless there is "good cause to defer a ruling" and deferring the ruling will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). As the Supreme Court has explained, however, Rule 12(b) authorizes pretrial resolution of a motion to dismiss only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969); see also United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016).

Peneaux objected to the Report and Recommendation because she believes that Judge Moreno inaccurately characterized facts in her brief when coming to his recommendation, Doc. 36 at 2, but Peneaux's argument illustrates why it makes sense to deny Peneaux's motion without prejudice to making a motion pursuant to Rule 29. Under Rule 12, courts are not to make factual findings on issues that relate to the jury's decision on the merits, the need for a more accurate record, and concerns about judicial economy. See United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010). Rather, courts are to defer such matters for trial. Thus, for instance, the Eighth Circuit found good cause to defer ruling on the motion to dismiss in Turner because the defendant's as-applied constitutional challenge required the district court to resolve factual issues related to the

defendant's alleged offense. 842 F.3d at 605 (holding that the district court should have waited until trial to resolve the motion to dismiss the indictment). Similarly, the Tenth Circuit in Pope affirmed the pretrial denial of a motion to dismiss because the defendant's as-applied constitutional challenge was intertwined with the question of guilt or innocence and would have required the district court to resolve factual disputes. 613 F.3d at 1261–62.

Turner and Pope counsel against deciding Peneaux's vagueness challenge before trial. First, Peneaux's motion raises questions of fact that are intertwined with the merits of the child abuse charge. See Turner, 842 F.3d at 605 (explaining that courts may not make factual findings "when an issue is inevitably bound up with evidence about the alleged offense itself" (citation and internal marks omitted)). And an as-applied challenge like Peneaux's asks "whether the statute gave adequate warning, *under a specific set of facts*, that the defendant's behavior was a criminal offense." Palmer, 917 F.3d at 1038–39 (emphasis added). To rule on Peneaux's motion, then, this Court would need to resolve facts that are bound up with the jury's decision on the charge, namely what conduct Peneaux actually engaged in on the morning of December 24, 2014. As fully explained by Judge Moreno, deciding whether Peneaux's conduct meets the definition of "expose," or alternatively "abuses," "tortures," "torments," or "cruelly punish" considering the disjunctive nature of the statute, will require the jury to consider the facts presented at trial. See SDCL § 26-10-1 (penalizing whomever "abuses, exposes, tortures, torments, *or* cruelly punishes a minor" (emphasis added)); United States v. Van Nguyen, 602 F.3d 886, 900 (8th Cir. 2010) ("[W]here a 'statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction.'" (quoting United States v. Roy, 408 F.3d 484, 492 n.4 (8th Cir. 2005))), abrogated on other grounds by Honeycutt v. United States, 137 S. Ct. 1626, 1631 n.1 (2017). In

addition, this Court needs a "more certain framework" to analyze Peneaux's vagueness argument. Pope, 613 F.3d at 1259 (citation omitted). The indictment does not contain any specific facts about Peneaux's conduct and the parties have not stipulated to any such facts.

Under these circumstances, a trial on the "facts surrounding the commission of the alleged offense" would assist this Court in ruling on Peneaux's challenge. Good cause exists to defer ruling on Peneaux's vagueness argument, Judge Moreno fully addressed the issue raised, and the issue does not require further discussion at this time. Therefore, for the reasons stated in the Report and Recommendation, this Court adopts the Report and Recommendation recommending denial of Peneaux's motion to dismiss without prejudice to Peneaux renewing the motion or making the argument in the context of a Rule 29 motion once the Government has introduced evidence at trial.

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Objections to the Report and Recommendation, Doc. 36, are overruled. It is further

ORDERED that the Report and Recommendation for Disposition of Motion to Dismiss recommending denial without prejudice, Doc. 35, is adopted. It is further

ORDERED that Peneaux's Motion to Dismiss, Doc. 29, is denied without prejudice to making a motion for judgment of acquittal at trial.

DATED this 14th day of June, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE